## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

HSBC REALTY CREDIT CORPORATION (USA),

                    Plaintiff,

     v.                              Civ. Action No. _____

J. BRIAN O'NEILL,

                    Defendant.

---

## COMPLAINT

Plaintiff HSBC Realty Credit Corporation (USA) ("HSBC Realty Credit"), by and through its attorneys, Phillips Lytle LLP, alleges as follows:

### PARTIES

1.     HSBC Realty Credit is a Delaware corporation with its principal place of business in New York.

2.     Defendant J. Brian O'Neill ("O'Neill") is an individual who resides in the Commonwealth of Pennsylvania.

### JURISDICTION

3.     The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4.     Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.     Additionally, pursuant to the "Guaranty of Payment" agreement described below, O'Neill has specifically consented to this venue and the jurisdiction of this Court.

## FACTS

6.       HSBC Realty Credit entered into a Project Loan Agreement with Brandywine Partners, LLC ("Brandywine") dated August 20, 2007 (the "Project Loan Agreement"). A copy of the Project Loan Agreement is attached as Exhibit A.

7.       Pursuant to the Project Loan Agreement, HSBC Realty Credit loaned the principal sum of $15,900,000.00 to Brandywine (the "Project Loan").

8.       Brandywine agreed in a promissory note dated August 20, 2007 and issued pursuant to the terms and provisions of the Project Loan Agreement (the "Note") to repay HSBC Realty Credit for the Project Loan, together with all accrued but unpaid interest. A copy of the Note is attached as Exhibit B.

9.       Pursuant to a "Guaranty of Payment" agreement dated August 20, 2007 (the "Guaranty"), O'Neill guaranteed the prompt and unconditional payment to HSBC Realty Credit of any and all money owed by Brandywine to HSBC Realty Credit under the Project Loan Agreement and the Note up to the amount of $8,100,000.00. A copy of the Guaranty is attached as Exhibit C.

10.      Brandywine was required under the Project Loan Agreement and the Note to pay HSBC Realty Credit the outstanding principal balance of the Project Loan, all accrued and unpaid interest, and all other amounts due and owing under the Project Loan Agreement and the Note on the maturity date, which was April 20, 2009.

11.      The failure to pay any portion of the principal or interest of the Project Loan within 10 days of when the payment is due constitutes a default under the Project Loan Agreement.

12.     In the event of a default, HSBC Realty Credit is entitled under the Project Loan Agreement and the Note to declare that all unpaid obligations arising under the Project Loan Agreement are immediately due and payable.

13.     Brandywine defaulted under the Project Loan Agreement by not paying the outstanding principal balance of the Project Loan, all accrued and unpaid interest, and all other amounts due and owing under the Project Loan Agreement and the Note on or before April 20, 2009.

14.     In a letter dated May 15, 2012, HSBC Realty Credit notified O'Neill and Brandywine of Brandywine's default under the Project Loan Agreement and demanded "irrevocable payment in full, on or before May 31, 2012, of the outstanding principal owing under the Project Loan Agreement in the amount of $14,761,291.82, together with all accrued interest thereon, unpaid fees and expenses, and all other late charges, fees, expenses and other sums due to HSBC Realty Credit" pursuant to the Project Loan Agreement (the "Demand Letter"). A copy of the Demand Letter is attached as Exhibit D.

15.     HSBC Realty Credit also demanded in the Demand Letter that O'Neill honor his obligations under the Guaranty and make immediate payment of the amount due pursuant to the Guaranty.

16.     Despite receiving the Demand Letter, O'Neill did not pay any of the amounts that Brandywine owes to HSBC Realty Credit under the Project Loan Agreement.

17.     On August 23, 2012, HSBC Realty Credit sent another letter to Brandywine and O'Neill demanding that O'Neill honor his obligations under the Guaranty and make immediate payment of the full amount due pursuant thereto (the "Second Demand Letter"). A copy of the Second Demand Letter is attached as Exhibit E.

18.     Despite receiving the Second Demand Letter, O'Neill has not paid any of the amounts that Brandywine owes to HSBC Realty Credit pursuant to the Project Loan Agreement.

19.     The Guaranty expressly provides that in addition to the indebtedness of Brandywine up to $8,100,000.00, O'Neill shall also be liable to HSBC Realty Credit for all expenses incurred by HSBC Realty Credit in connection with enforcing the Guaranty.

### FIRST CLAIM
### Against O'Neill for Indebtedness Under Guaranty

20.     HSBC Realty Credit repeats and realleges the allegations in paragraphs 1 through 19.

21.     HSBC Realty Credit loaned the principal sum of $15,900,000 to Brandywine pursuant to the terms of the Project Loan Agreement.

22.     Brandywine defaulted under the Project Loan Agreement.

23.     As of September 9, 2012, Brandywine is indebted under the Project Loan Agreement and the Note to HSBC Realty Credit in the principal amount of $14,761,291.82, plus interest in the amount of $1,677,148.95, together with interest accruing after September 9, 2012 pursuant to the terms of the Project Loan Agreement and the Note, costs, disbursements and attorneys' fees and expenses incurred in connection with Brandywine's indebtedness to HSBC Realty Credit (the "Indebtedness").

24.     Pursuant to the Guaranty, O'Neill is liable to HSBC Realty Credit for payment of $8,100,000.00 of the Indebtedness.

25.     To date, O'Neill has failed to pay to HSBC Realty Credit the amount due pursuant to the Guaranty.

26.     As a result of O'Neill's failure to pay the amount due pursuant to the Guaranty, HSBC Realty Credit is entitled to judgment against O'Neill in the amount of $8,100,000.00 of

4

the Indebtedness, plus all actual and reasonable costs and expenses (including court costs and

attorneys' fees) incurred by HSBC Realty Credit in the enforcement of the Guaranty

(collectively, the "Guaranteed Indebtedness").

WHEREFORE, HSBC Realty Credit demands judgment against O'Neill:

(a)     For the full amount of the Guaranteed Indebtedness, together with costs as

taxed by the clerk of this Court; and

(b)     For such other and further relief as this Court may find just and proper.


Dated: September 21, 2012
       New York, New York


PHILLIPS LYTLE LLP

By _____
       Peter C. Obersheimer
437 Madison Avenue, 34th Floor
New York, New York 10022
Telephone No. (212) 508-0469
Fax No.:  (212) 308-9079
EMail: pobersheimer@phillipslytle.com

*Attorneys for Plaintiff HSBC Realty Credit
Corporation (USA)*

TRC2cd
Doc # 05-424910.1